CALLAHAN, Circuit Judge,
dissenting:
I dissent from the majority’s decision to reverse the district court and remand. I would affirm the decision of the district court and hold that the settlement agreement in the prior case, One Turnberry, clearly and unambiguously released Turn-berry Pavilion Partners, L.P.’s (“Turnberry”) indemnity and contribution claims against M.J. Dean (“Dean”) arising from the earlier Maleo action.[1]
In the One Tumberry litigation, the condominium association’s complaint asserted *761 that the alleged defects, including the defective concrete work, arose from deficiencies in the “design, specification, planning, supervision, observation of construction, [and] development ...” of the property caused by Turnberry and the contractors and subcontractors, which would include both Dean and Maleo, Inc. (“Maleo”). Similarly, Turnberry’s Third-Party Complaint against, among others, Dean and Maleo, generally alleged that each of the third-party defendants were negligent because “[i]f the Property is defectively designed, developed and/or constructed, the acts and/or omissions of the Third Party Defendants were the direct and proximate cause of any and all damages incurred by Turnberry.” In particular, the Third-Party Complaint sought indemnity and contribution against Dean for Dean’s “fail[ure] to act reasonably in the design, development and/or construction” of the One Turnberry property.
The One Turnberry settlement agreement releases “all past, present, and future claims known relative to defects and deficiencies alleged in this Litigation.” This includes “any and all ... damages ... of whatsoever kind and nature ... now known with respect to the Claims asserted in the Litigation.” “Claims” includes “any of the actionable omissions, conduct or damage of every kind and nature whatsoever, known, alleged, or asserted in the Litigation.” “Litigation” encompasses both the Plaintiff condominium association’s complaint in the One Turnberry action, as well as Turnberry’s Third-Party Complaint.
First, I would find that the settlement agreement applied to Turnberry’s claims against Dean related to Dean’s negligent concrete work. The settlement agreement is broadly written to release all claims related to “defects and deficiencies in the building.” Dean’s defective concrete work is also a known “Claim” as it was at issue in the Maleo action and it is encompassed by the pleadings in the “Litigation,” as both the condominium association’s and Turnberry’s Third-Party Complaint bring claims related to the defective concrete work.[2] I would therefore find that any claim Turnberry had against Dean for Dean’s negligent concrete work was released.
I would also hold that the settlement agreement released Turnberry’s claims against Dean related to Malco’s “lost production” and “uncompensated overtime” due to Dean’s negligent construction management during the construction phase. Although I agree that the One Turnberry action focused on design defects, I would find that language in the relevant pleadings and the broad language of the settlement agreement also released Turnberry’s claims. Specifically, Turnberry’s claims against Dean related to Malco’s losses due to Dean’s negligent construction management were known “Claims” within the meaning of the settlement agreement, because Malco’s complaints regarding Dean’s negligent construction management were first raised in the Maleo action. Further, these “Claims” are encompassed by the pleadings in the “Litigation,” as the condominium association’s complaint alleged deficiencies in the “planning, supervision .... [and] development ...” (emphasis added) of the property caused by Turnber-ry and the contractors and subcontractors. Similarly, the Third-Party Complaint against the contractors alleged claims related to defective design, development and/or construction. In my view, the *762 words “planning,” “supervision,” and “development” are sufficient to encompass Turnberry’s claims against Dean for Mal-co’s “lost production” and “uncompensated overtime” due to Dean’s negligent construction management during the construction phase.
Because the settlement agreement is broadly written to release all of the past, present and future “Claims” raised in the “Litigation,” and because Turnberry’s claims against Dean for Dean’s negligent concrete work and negligent construction management satisfy the requirements for being “Claims” in the “Litigation,” I would affirm the district court.

. Because the parties are familiar with the facts of the case, I will repeat them here only to the extent necessary to explain my dissent.

. In the Maleo action, the court found that Maleo suffered ‘‘unanticipated delay and expense” due to the "quality of Dean’s concrete work.” The court also found that Dean's improper coordination of the subcontractor’s work schedules caused "problems, delays and additional costs” to Maleo.